UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISABELLE DAVIS,

      Plaintiff,

v.                                    Case No:   2:14-cv-22-FtM-38CM

SANIBELDQ, LLC,

      Defendant.
_____/

# ORDER[1]

This matter comes before the Court on review of the Parties Joint Stipulation for Dismissal with Prejudice (Doc. #17) filed on March 21, 2014. Typically a stipulation of dismissal brought pursuant to Rule 41(a) would be effective upon its filing, however, in situations such as here where the matter is brought pursuant to the Fair Labor Standard Act, the Court needs additional information prior to the dismissal of the action. Appleby v. Hickman Const., Inc., No. 1:12cv237-SPM/GRJ, 2013 WL 1197758 at *1 (N.D. Fla. Mar. 25, 2013). That is, since Plaintiff seeks back wages not originally paid to her in violation of the FLSA, the Court is required to approve the Parties' settlements if the Parties made a compromise. Id. ("But, the FLSA's requirements regarding the compromise of an FLSA claim in the context of a suit brought by an employee dictate that where the parties seek dismissal of an FLSA claim with prejudice, the court must be satisfied that any

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

compromise of FLSA rights is fair and reasonable. Therefore, if the parties wish to have the employee's case dismissed with prejudice, they must demonstrate that no compromise occurred or present the court with a proposed settlement for review of whether it is reasonable and fair under the standards set forth in *Lynn's Food Stores*"); Lynn's Food Stores v. U.S. Dep't of Labor, 670 F.2d 1350 (11th Cir. 1982); see also Acosta v. United Temps, Inc., No. 6:11-cv-647-Orl-28GJK, 2012 WL 3038167 at *2 (M.D. Fla. July 16, 2012) ("the courts note that a defendant who exacts a compromise of a plaintiff's FLSA claim and does not obtain approval of the settlement from the Department of Labor or the court acts at his own peril because the settlement is unenforceable.") (citations omitted). Here, the Parties have not provided information to support a conclusion that no compromise occurred in this matter or that any such compromise is fair and reasonable under the circumstances. Therefore, it is unclear to the Court whether a dismissal with prejudice is appropriate at this time.

If Plaintiff wishes to voluntarily dismiss her claim, she may do so upon confirmation from counsel that there was no settlement. If there was a settlement, however, then the Court must determine whether the settlement was a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Lynn's Food Stores, 679 F.2d at 1354-55. The Court will need additional information to make this determination: (1) a copy of the settlement agreement detailing the amount of hours that plaintiff claimed, the hourly rate, the total amount plaintiff was seeking including any liquidated damages, and the settlement amount; and (2) whether any attorney's fees agreed upon were negotiated separately and without regard to the amount paid to the plaintiff, or in the alternative, sufficient information for the Court to determine whether the hourly rate and number of

hours were reasonable. Otherwise, if Defendant paid Plaintiff's request in full, then the Parties shall file a joint stipulation of dismissal indicating such so that the Court can dismiss the matter without reviewing the settlement agreement.

Accordingly, it is now

**ORDERED:**

The Parties Joint Stipulation for Dismissal with Prejudice (Doc. #17) is **taken under advisement** pending the filing of supplemental information or documents no later than **April 8, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of March, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies:  All Parties of Record